IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID YOUNG, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:12-cr-00502-TC-DBP <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This criminal matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 111; 138.) Before the Court is the Government's motion for an order allowing it to maintain custody of civilly seized property to preserve the property for criminal forfeiture proceedings. (Dkt. No. 138.) For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

Prior to this criminal matter, on November 23, 2011, the Government brought an amended civil action to seek forfeiture *in rem*. Second Amended Verified Complaint for Forfeiture *In Rem*, United States v. Approximately up to $15,253,826 in Funds Contained in Thirteen Bank Accounts, No. 2:11-cv-00806-DAK (D. Utah Nov. 23, 2011), (Dkt. No. 51) [hereinafter Civil Forfeiture]. Pursuant thereto, District Judge Dale A. Kimball issued a civil warrant permitting the Government to seize numerous properties. See Second Amended Warrant and Summons for

Arrest of Articles *In Rem*, Civil Forfeiture, (Dkt. No. 52.)  The Government now maintains custody and control over some of this property (the "subject property").  (Dkt. No. 138 at 7.)

On January 31, 2013, the Government filed a motion to stay civil forfeiture proceedings until these parallel criminal proceedings conclude.  United States' Motion to Stay Civil Forfeiture Proceeding Pursuant to 18 U.S.C § 981(g)(1), Civil Forfeiture, (Dkt. No. 170.)  An opposition, Civil Forfeiture, (Dkt. No. 172), and a reply, Civil Forfeiture, (Dkt. No. 173), have been filed.  A hearing on the motion is scheduled before District Judge Kimball for April 30, 2013.

On August 22, 2012, a grand jury indicted Defendants Michael Taylor ("Taylor") and American International Security Corporation ("AISC"), among others, for numerous offenses.  (Dkt. No. 11.)  The criminal indictment included a notice of intent to seek criminal forfeiture of the subject property.  (Id. at 25-28.)  On February 22, 2013, the Government brought the current motion.  (Dkt. No. 138.)  In essence, the Government seeks to maintain custody of the subject property independent of the civil forfeiture proceedings.

### III.     ANALYSIS OF GOVERNMENT'S MOTION

**A.  Whether Statutes the Government Cites Authorize Criminal Restraint on Property**

21 U.S.C. § 853[1] governs criminal forfeiture proceedings.  The statute requires people convicted of certain offenses to forfeit property obtained through those offenses when the court imposes a sentence.  See 21 U.S.C. § 853(a).  The Government may pursue several options if it wishes to restrain such property prior to sentencing.  For example, § 853(e)(1) empowers courts to issue post-indictment, pre-conviction protective orders, "or take any other action necessary to preserve the availability of property . . . for [criminal] forfeiture . . . ."  Here, the Government

---

[1] 18 U.S.C. § 982(b)(1) incorporates 21 U.S.C. § 853's procedural requirements, and applies them to this case.

cites § 853(e)(1)'s "any other action" provision. Pursuant thereto, the Government moves the Court to authorize it to "maintain custody" of the subject property "seized in the parallel civil forfeiture action" until the criminal case concludes. (Dkt. No. 138 at 8.)

The Government also cites 18 U.S.C. § 983(a)(3)(B)(ii)(II)-(C) to support its motion. (Id.) Where the Government seizes property via nonjudicial civil forfeiture proceedings, and a person files a claim asserting an interest in the property, the Government must timely institute judicial civil forfeiture proceedings, and/or obtain a criminal indictment that alleges the property is subject to forfeiture. Id. § 983(a)(3)(A)-(C). If the Government obtains a criminal indictment, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute . . . ." Id. § 983(a)(3)(B)(ii)(II). Here, the Government believes § 983(a)(3)(B)(ii)(II)'s necessary steps provision applies because the subject property is civilly seized. (Dkt. No. 138 at 8.) The Government asserts its § 853(e)(1) motion satisfies the § 983(a)(3)(B)(ii)(II) necessary steps requirement. (Id. at 8-9.)

In opposition, Defendants Taylor and AISC ("Defendants") argue the Government's motion "is not authorized by the statutes [it] invoked . . . ." (Dkt. No. 140 at 2.) However, Defendants fail to cite authority that indicates § 853(e)(1) prohibits the Government's request. Rather, Defendants argue § 983(a)(3)(B)(ii)(II)-(C) does not apply where the Government brought a judicial civil forfeiture complaint. That is, Defendants allege § 983(a)(3) only relates to cases: (1) that begin as *nonjudicial* civil forfeitures; (2) where the Government never thereafter files a civil forfeiture complaint; and (3) where if the Government subsequently acts, it only pursues criminal forfeiture. (See Dkt. No. 140 at 3-7.)

To the extent Defendants argue § 983(a)(3) does not apply because the Government never contemplated nonjudicial civil forfeiture, the Court shares Defendants' concerns. However, the

Court will not rule on § 983's applicability. Instead, the Court finds that § 853(e)(1)'s "any other action" provision authorizes the Government's motion to maintain custody of the subject property for criminal forfeiture. Section 853(e)(1)'s "any other action" provision is broad, and Defendants provide no persuasive argument that the provision is inapposite. See In re Pre-Indictment Restraining Order, 816 F. Supp. 2d 240, 244 (D. Md. 2011) ("Section 853(e) is not limited to enjoining a person from dissipating forfeitable assets. . . . [U]nder the express authority to take 'any other action' to preserve property subject to forfeiture, the court may affirmatively direct a person to deposit forfeitable property with . . . a designated custodian . . . ."); United States v. Gianelli, 594 F. Supp. 2d 148, 150 (D. Mass. 2009) (citing § 853(e)(1)'s "any other action" provision to authorize interlocutory sale of a defendant's real property).

**B. Whether Criminal § 853(e)(1) Order Would Infringe on Civil Forfeiture Action**

Citing 18 U.S.C. § 981(c), Defendants claim the subject property "taken" by the Government in civil forfeiture proceedings is "subject only to" District Judge Kimball's "orders and decrees." (Dkt. No. 140 at 8.) Therefore, if this Court grants the Government's current motion, it would unlawfully "infringe upon" District Judge Kimball's jurisdiction over the civil forfeiture proceedings. (Id.) Relatedly, Defendants fear granting this motion will "short-circuit" District Judge Kimball's authority to rule on the motion to stay civil forfeiture proceedings, and Defendants' requests to release funds seized in those civil forfeiture proceedings. (Id. at 8-9.)

In contrast, the Government claims a § 853(e)(1) order will not affect District Judge Kimball's jurisdiction. (Dkt. No. 143 at 9.) Rather, "both Judge Kimball and this Court will have concurrent jurisdiction over the seized assets." (Id.) The Government also confirms that Defendants "can seek leave" in the civil forfeiture proceedings to "litigate" motions to release seized property, or they can file similar motions "in the related criminal case." (Id.)

The Court agrees with the Government. Issuing a § 853(e)(1) order for criminal forfeiture purposes will not infringe on District Judge Kimball's jurisdiction in civil forfeiture proceedings. The civil and criminal forfeiture proceedings are separate. Moreover, nothing prohibits the Government from restraining identical property through parallel civil and criminal proceedings. See United States v. Ursery, 518 U.S. 267, 287-88 (1996) ("Congress long has authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings . . . ."); United States v. Clymore, 245 F.3d 1195, 1200 (10th Cir. 2001) (stating "[t]he government . . . does not have to quiet title to [] property [related to illegal drugs] only through civil forfeiture proceedings. It can also obtain quiet title to . . . proceeds of criminal activity in a criminal proceeding."). See also United States v. Leyland, 277 F.3d 628, 633 (2d Cir. 2002) (approving the Government's conversion of criminal forfeiture action into civil forfeiture action); United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates, 128 F.3d 1386 (10th Cir. 1997) (noting procedural propriety where: (1) the Government sought civil forfeiture of a defendant's real and personal property; (2) the district court stayed civil forfeiture proceedings; (3) the Government obtained criminal forfeiture of the real property; and (4) the district court lifted the civil stay, permitting the Government to obtain civil forfeiture of defendant's remaining personal property).

**C.  Whether Criminal § 853(e)(1) Order is Necessary Where Civil Seizure in Place**

Defendants additionally oppose the Government's motion as unnecessary. (Dkt. No. 140 at 7.) They note the Government already seized the property in civil forfeiture proceedings, "thereby allowing it to avoid returning the property subject to the course of those judicial proceedings." (Id.)

The Court agrees with the Government. Issuing a § 853(e)(1) order for criminal forfeiture purposes will not infringe on District Judge Kimball's jurisdiction in civil forfeiture proceedings. The civil and criminal forfeiture proceedings are separate. Moreover, nothing prohibits the Government from restraining identical property through parallel civil and criminal proceedings. See United States v. Ursery, 518 U.S. 267, 287-88 (1996) ("Congress long has authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings . . . ."); United States v. Clymore, 245 F.3d 1195, 1200 (10th Cir. 2001) (stating "[t]he government . . . does not have to quiet title to [] property [related to illegal drugs] only through civil forfeiture proceedings. It can also obtain quiet title to . . . proceeds of criminal activity in a criminal proceeding."). See also United States v. Leyland, 277 F.3d 628, 633 (2d Cir. 2002) (approving the Government's conversion of criminal forfeiture action into civil forfeiture action); United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates, 128 F.3d 1386 (10th Cir. 1997) (noting procedural propriety where: (1) the Government sought civil forfeiture of a defendant's real and personal property; (2) the district court stayed civil forfeiture proceedings; (3) the Government obtained criminal forfeiture of the real property; and (4) the district court lifted the civil stay, permitting the Government to obtain civil forfeiture of defendant's remaining personal property).

**C.  Whether Criminal § 853(e)(1) Order is Necessary Where Civil Seizure in Place**

Defendants additionally oppose the Government's motion as unnecessary. (Dkt. No. 140 at 7.) They note the Government already seized the property in civil forfeiture proceedings, "thereby allowing it to avoid returning the property subject to the course of those judicial proceedings." (Id.)

The Government counters that its current motion is warranted because *this* Court lacks *criminal* jurisdiction over the property. (Dkt. No. 143 at 6-7.) The Court agrees with the Government's reasoning. Absent a conviction against Defendants that triggers § 853(a)'s forfeiture provision, *this* Court lacks the ability to prevent the subject property from dissipating. See United States v. Kramer, No. 1:06-cr-200-ENV-CLP, 2006 WL 3545026, at *3 (E.D.N.Y. Dec. 8, 2006) (rejecting argument that a "civil seizure warrant effectively converted automatically into a criminal seizure warrant" upon filing criminal indictment).

## IV. ORDERS

Based on the analysis above, the Court issues the following **ORDERS**:

WHEREAS, the Government already maintains custody of the subject property listed below by virtue of process issued in a matter other than this criminal case;

WHEREAS, the Government represented to this Court that it will maintain and preserve the subject property throughout this criminal case so that the property will be made available for possible forfeiture;

WHEREAS, 21 U.S.C. § 853(e)(1) authorizes the Court to take any action necessary to preserve the availability of the seized property;

The Government's motion to maintain custody of the subject property is **GRANTED**. (Dkt. No. 138.) Pursuant to 21 U.S.C. § 853(e)(1), the Court authorizes the United States and its agencies, including the Internal Revenue Service, the United States Marshal's Service, and the Defense Criminal Investigative Service, to maintain and preserve the property listed below until this criminal case is concluded, or pending further Court order:

1. Funds and monies of $5,203,196.80 seized from the account at Mellon Trust Bank in the name of American International Security Corporation, Account No. XXXX3588;

2. Funds and monies of $5,732.73 seized from the account at Bank of America in the name of World Wide Trainers, Account No. XXXX1769;

3. Funds and monies of $438,399.99 seized from the account at Bank of America in the name of Paper Mill Village, Account No. XXXX1424;

4. Funds and monies of $4,201.55 seized from the account at Bank of America in the name of Welventure, Account No. XXXX1686;

5. Funds and monies of $128,861.12 seized from the account at Bank of America in the name of Welventure, Account No. XXXX1699;

6. Funds and monies of $170,000 seized from the account at Bank of America in the name of World Wide Trainers, Account No. XXXX1764;

7. Funds and monies of $20,649.95 seized from the account at Bank of America in the name of Hernando County Holdings (HCH), Account No. XXXX1356;

8. Funds and monies of $18,787 seized from the account at Bank of America in the name of HCH, Account No. XXXX1407;

9. Funds and monies of $730,000 seized from the account at Bank of America in the name of Welventure, Account No. XXXX1757;

10. Funds and monies of $145,000 seized from the account in the name of Woodruff and Company at Sun Trust Bank, Account No. XXXX3063;

11. Proceeds from the interlocutory public judicial sale of a 2006 Hummer H3, VIN: 5GTDN136468257156;

12. Proceeds from the interlocutory public judicial sale of a 2002 Sea Ray Mercruiser boat, model 240DA, SERV3186A202, Title 87282109;

13. A 1999 Jaguar XK8, VIN: SAJGX2040XC040534;

14. 225 one-ounce American Eagle Gold coins; and

15. 175 one-ounce South African Gold Krugerrand coins.

Dated this 3rd day of April, 2013.         By the Court:

_____
Dustin B. Pead
United States Magistrate Judge