IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID YOUNG, et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:12-CR-502-TC-DBP |

The United States has filed a motion requesting that the court reconsider the court's rulings dismissing the Government Procurement Fraud counts (Counts 2 and 3 in the Indictment) against the Defendants. The Defendants oppose the motion. For the reasons set forth below, the motion to reconsider is DENIED.

**BACKGROUND**

Upon motions by the Defendants, the court dismissed Counts 2 and 3 of the Indictment (Government Procurement Fraud) on statute of limitations grounds. (See June 24, 2013 Order (Docket No. 261); July 3, 2013 Docket Text Order (Docket No. 274).) In the Indictment, the United States charged all of the Defendants under 41 U.S.C. § 423[1] (the Procurement Integrity

---

[1] The Indictment incorrectly refers to the alleged actions as violations of 41 U.S.C. § 2102 and § 2105, which went into effect on January 4, 2011. The predecessor to Sections 2102 and 2105 was Section 423 of Title 41 of the U.S. Code. Because the crimes alleged in the Indictment occurred before January 4, 2011, the applicable statute is Section 423. But the difference between the two is not substantive. In making the change, Congress essentially renumbered and rearranged 41 U.S.C. § 423, and replaced it with 41 U.S.C. § 2012. Because Section 423 was in

Act), which prohibits a person from knowingly disclosing or obtaining "contractor bid or proposal information or source selection information before the award of a Federal agency procurement contract to which the information relates." 41 U.S.C. § 423(a), (b). Subsection (e) of the Act criminalizes violations of Subsections (a) and (b) by setting forth the following elements:

> **(1) Criminal Penalties**
> Whoever engains in conduct constituting a violation of subsection (a) or (b) of this section <u>for the purpose of</u> either —
> 
> **(A)** exchanging the information covered by such subsection for anything of value, or
> 
> **(B)** <u>obtaining or giving anyone a competitive advantage</u> in the award of a Federal agency procurement contract,
> 
> shall be imprisoned for not more than 5 years or fined as provided under Title 18, or both.

41 U.S.C. § 423(e)(1) (emphasis added). Charges under Section 423(e)(1) of the Act are subject to the five-year statute of limitations set forth in 18 U.S.C. § 3282.

In the Defendants' motions to dismiss, they argued that the date of the August 22, 2012 Indictment fell outside the permissible time limit for bringing the government procurement fraud charges against the Defendants. The issue revolved around the statutory interpretation of the phrases "for the purpose of" and "obtaining or giving anyone a competitive advantage." The court had to determine when the crime was complete, because that is the date from which the statute of limitations begins to run. The court adopted the Defendants' reading of the statute.

---

effect at the time the alleged crimes occurred, the court refers to that version of the Government statute.

The court's interpretation meant that the Government missed the deadline of the statute of limitations by four days. Accordingly, the court dismissed Counts 2 and 3.

The basis for and the substance of the court's ruling need not be detailed here, because the Government does not challenge that aspect of the court's ruling. Instead, the Government brings a new legal argument under a different statute (the Wartime Suspension of Limitations Act or WLSA) (of which it "recently became aware").[2] According to the Government, the WLSA tolled the five-year statute of limitations because the United States was engaged in military conflicts in Afghanistan and Iraq.

## ANALYSIS

A motion for reconsideration is appropriate when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)). But a motion for reconsideration is inappropriate when used "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Id.

The United States acknowledges that there has been no intervening change in controlling law or new evidence previously unavailable. But it contends that the court must reconsider the statute of limitations issue because there is "need to correct clear error or prevent manifest injustice." Id. But the United States cannot overcome the rule that "[i]t is not appropriate to

---

[2]See Mot. of the United States to Reconsider Court's Ruling Dismissing Counts 2 and 3 of the Indictment (Docket No. 282) at 2.

3

revisit issues already addressed or <u>advance arguments that could have been raised in prior briefing</u>." Id. (emphasis added).

The United States had sufficient opportunity to raise the issue of tolling in its opposition to the Defendants' motions to dismiss Counts 2 and 3. Its ignorance of the law is not an excuse to have a second chance to oppose the request for dismissal. Accordingly, the motion to reconsider[3] is DENIED.

SO ORDERED this 23rd day of August, 2013.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

---

[3] The court notes that the "clear error" standard is not appropriately raised because the United States is not asking the court to reconsider its interpretation of 41 U.S.C. § 423(e). The United States brings an entirely new basis for its request that the court reverse its dismissal of Counts 2 and 3.