IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID YOUNG, et al.,<br><br>Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:12-CR-502-TC-DBP |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, et al.,<br><br>Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:12-CR-645-TC-DBP |

In anticipation of the hearing scheduled in the above-captioned cases (i.e., the hearing set for October 15-16, 2013), the court sets forth the following hearing requirements:

1. <u>Motions to Suppress</u> (Docket No. 271 in 2:12-CR-502 and Docket No. 306 in 2:12-CR-645): The court requires evidence, including testimony, about how the electronic materials were seized and how the resulting electronic evidence was searched. The court anticipates that such evidence will include testimony of the persons who created the search protocols (including the list of search terms) and the persons who carried out the searches. The

court requires evidence, including testimony, about how evidence seized in the first case (2:12-CR-502) led to the issuance of warrants in the second case (2:12-CR-645).

    2.       *Daubert* challenges (Docket Nos. 376 and 378 in 2:12-CR-502): The court requires the challenged experts to be available to testify.

    3.       Motions in Limine (Docket Nos. 404[1], 416, 419, 420, 421, and 422 in 2:12-CR-502): The court will hear argument on these motions.

    4.       Pre-trial determination of admissibility of coconspirator statements (Docket No. 416 in 2:12-CR-502): The United States has provided a written proffer and argues that the court may decide the admissibility of the statements under Federal Rule of Evidence 801(d)(2)(E), without an evidentiary hearing under United States v. James, 590 F.2d 575, 582 (5th Cir. 1979). (See Docket No. 416 at 1-4.) The court has discretion to determine whether it requires a hearing to make the necessary evidentiary determinations under James for the admissibility of co-conspirator statements. See United States v. Owens, 70 F.3d 1118, 1123-25 (10th Cir. 1995); see also United States v. Roberts, 14 F.3d 502, 513-15 (10th Cir. 1993). Under Tenth Circuit precedent, the United States must present some evidence independent of the proffered co-conspirator statements themselves to meet its burden under Rule 801(d)(2)(E). See Owens, 70 F.3d at 1125. That independent evidence need not be substantial. See United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996). But, to date, the United States has not identified

---

[1] The court notes that Docket No. 404 was not styled as a *Daubert* motion or a motion in limine but was filed as a Response to Defendants' Notices of Expert Witnesses. Given that the brief raises evidentiary arguments regarding the cumulative testimony of the defendants' experts, rather than challenging the appropriateness of the experts themselves, the court will consider this as a motion in limine.

in its written proffer the independent evidence of the alleged conspiracy and defendants' alleged participation in the conspiracy. Summary statements in a brief are not independent evidence. The United States must provide the court with independent evidence of a conspiracy other than the alleged co-conspirators' statements. Indeed, the Tenth Circuit has defined "independent evidence" simply to be any "evidence other than the proffered [coconspirator] statements themselves." United States v. Martinez, 825 F.2d 1451, 1451 (10th Cir. 1987). That evidence may be summary testimony of a government agent. See Lopez-Gutierrez, 83 F.3d at 1242. It may also be evidence that comes from a member of the conspiracy or a statement made by a coconspirator. See Owens, 70 F.3d at 1125. The court may consider any evidence not subject to a privilege in making its evidentiary decision under James. See Owens, 70 F.3d at 1124. Accordingly, the United States has the following options for the upcoming hearing: (1) Identify, in writing, where in the existing record there is independent evidence of the conspiracy and defendants' participation in it; or (2) Provide a summary witness at the hearing to present that evidence via live testimony to the court.

5. <u>Order of presentation</u>: The court will hear as much live testimony as possible on Tuesday, October 15, 2013. The parties should notify the court as soon as possible if a different order of presentation is required.

SO ORDERED this 9th day of October, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge