IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVID YOUNG,<br>CHRISTOPHER HARRIS,<br>MICHAEL L. TAYLOR, and<br>AMERICAN INTERNATIONAL<br>SECURITY CORPORATION,<br><br>　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:12-CR-502-TC-DBP |

For the reasons set forth during the October 16, 2013 hearing on various motions in limine and expert witness challenges,[1] the court rules as follows:

1.　Defendant Christopher Harris filed Objections to Government's Notice of Expert Testimony of Agent Alan S. Hampton (Dkt. No. 378). Defendants David Young, American International Security Corporation (AISC), and Michael Taylor subsequently joined in the objections (Dkt. Nos. 382 & 406). The court holds that Agent Hampton may testify as an expert on money laundering. He may only testify generally about terms and techniques used in money laundering. He may not testify concerning the facts of this case or respond to hypothetical questions.

---

[1] The court will issue a separate order on the pending motion to suppress after further briefing by the parties.

2. Defendant Christopher Harris filed Objections to Government's Notice of Expert Testimony of Wendy Spaulding (Dkt. No. 376). Defendants David Young, AISC, and Michael Taylor subsequently joined in the objections (Dkt. Nos. 380 & 407). The court holds that Ms. Spaulding may testify as a summary witness. Her testimony will be limited to summarizing what is shown in the voluminous financial records.

3. Government's Motion for Pretrial Determination of Admissibility of Co-conspirator Statements Pursuant to Fed. R. Evid. 801(d)(2)(E) (Dkt. No. 416) is GRANTED. The government has proved by a preponderance of evidence the conspiracies alleged in the indictment. The government has also proved by a preponderance of the evidence that the Defendants were members of those conspiracies. As for the specific statements, the court withholds ruling on the admissibility of a particular statement until it is offered as evidence during trial.

4. AISC and Mr. Taylor's Motion in Limine Regarding Disclosure of and Reference to Bates Numbering of Documents Produced in Discovery (Dkt. No. 419) is GRANTED. The government shall redact the prefix "AISC" from their documents' Bates numbers.

5. AISC and Mr. Taylor's Motion in Limine Regarding Irrelevant Allegations of Other Conduct (Dkt. No. 420) is GRANTED in part and DENIED in part. Evidence concerning Allegation One is admissible to the extent described during the hearing (see Oct. 16, 2013 Tr. (Dkt. Nos. 453-454) at pp. 191-200). Allegation Two is part of the indictment and is admissible at trial. At this point, the court holds that Allegations Three, Four, and Five are not admissible. But if, during trial, any Defendant references the information contained in those allegations (i.e., "opens the door"), the government may, outside the presence of the jury, move that the evidence

be admitted.

6. Government's Motion in Limine to Preclude Defendant Michael Taylor from Mentioning or Inquiring about Hearsay Statements of his Co-Conspirators (Dkt. No. 421) is taken under advisement. The court will not, of course, admit hearsay statements. But if the Defendants intend to refer to statements set forth in the government's motion under an exception to the hearsay rule, they must first raise the issue with the court outside the presence of the jury. The court will rule on specific objections as they arise during trial. Until the court admits a specific statement, that challenged statement may not be discussed in the presence of the jury.

7. The government's Motion in Limine for Ruling on Standard of Proof for Use-of-Unlawful Proceeds Element of Money Laundering Statutes (Dkt. No. 422) is taken under advisement. Once the parties present their evidence during trial, the court will make a determination and provide the jury with an appropriate instruction.

8. Government's Response [Objection] to Defendants' Notices of Expert Witnesses (Dkt. No. 404) is taken under advisement. The Defendants' experts will be allowed to testify and the court will determine whether the testimony is cumulative during trial.

SO ORDERED this 4th day of November 2013.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge